# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2010

Lyle W. Cayce
Clerk

No. 10-40045
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PORFIRIO GARCIA-BARAONA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-1878-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Porfirio Garcia-Baraona (Garcia) appeals the 63-month sentence imposed following his guilty plea conviction for illegal reentry after a previous deportation.  He argues that his within-guidelines sentence is substantively unreasonable.

As a threshold matter, Garcia argues that a presumption of reasonableness should not apply to his within-guidelines sentence on appellate review because the Guideline upon which it is based, U.S.S.G. § 2L1.2, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40045

penologically flawed and not the result of empirical evidence or study. As Garcia acknowledges, this argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Citing cases from the Ninth and Tenth Circuits, Garcia asserts that, even if the presumption of reasonableness applies, it is rebutted by the facts and circumstances of this case. He emphasizes the staleness of his 1999 conviction, which occurred approximately 11 years prior to the present offense and formed the basis of his 16-level enhancement under § 2L1.2. During that 11-year interval, however, Garcia was imprisoned for about six to seven years and then committed the instant illegal reentry offense while on probation for his 1999 conviction.

The district court considered and rejected Garcia's arguments for a sentence below his advisory guidelines range. With reference to the sentencing factors of 18 U.S.C. § 3553(a) and the arguments made during allocution, the court determined that a sentence at the bottom of Garcia's guidelines range was indicated. While Garcia provided mitigating evidence, he has not rebutted the presumption of reasonableness attaching to his within-guidelines sentence. *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). The district court did not abuse its discretion by ordering a 63-month sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court's judgment is AFFIRMED.